UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COMMODITY FUTURES
TRADING COMMISSION,**

        **Plaintiff,**

v.                                Case No: 6:24-cv-1603-PGB-EJK

**AUREUS REVENUE GROUP
LLC and EMIR JESUS MATOS
CAMARGO,**

        **Defendants.**
_____/

## ORDER

This cause comes before the Court upon Plaintiff Commodity Futures Trading Commission's ("**Plaintiff**") Motion to Strike and, in the Alternative, Response in Opposition to Defendants' "Order to Show Cause" (Doc. 31 (the "**Motion**")). The Court does not deem a response from Defendant Aureus Revenue Group LLC and Defendant Emir Jesus Matos Camargo (collectively, the "**Defendants**") necessary.[1] Upon consideration, the Motion is due to be granted.

**I.   BACKGROUND**

Plaintiff initiated this action on September 4, 2024. (Doc. 1 (the "**Complaint**")). In the Complaint, Plaintiff alleges five counts arising under the

---

[1] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that a district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Commodity Exchange Act and Commission Regulations against Defendant Aureus Revenue Group LLC ("**Defendant Aureus**") and Defendant Emir Jesus Matos Camargo ("**Defendant Camargo**"). (*Id.* ¶¶ 61–111). Defendant Camargo is the co-founder, managing member, and chief executive officer of Defendant Aureus. (*Id.* ¶¶ 12–13).

Thus far, Defendant Camargo has appeared *pro se* on behalf of himself and on behalf of Defendant Aureus. Considering an entity "cannot appear *pro se*, and must be represented by counsel," the Court issued an Order to Show Cause as to Defendant Aureus. (Doc. 14 (the "**initial Order**")). Therein, the Court directed Defendant Aureus to obtain counsel admitted to practice in this Court on or before October 22, 2024. (*Id.*). The Court notified Defendant Aureus that failure to comply with the initial Order "may result in adverse rulings including . . . default and the entry of a default judgment" against Defendant Aureus. (*Id.*).

On October 18, 2024, Defendant Aureus requested an extension of time, up until October 24, 2024, to obtain counsel. (Doc. 16). The Court granted this request. (Doc. 17). On October 23, 2024, Defendant Aureus requested another thirty-day extension of time "to get the best possible legal representation." (Doc. 18). Upon consideration of the circumstances, the Court again granted Defendant Aureus's requested extension. (Doc. 19). Notwithstanding the two extensions of time, Defendant Aureus still failed to comply with the initial Order. As such, the Court issued a second Order to Show Cause on November 25, 2024 as to Defendant Aureus's failure to obtain counsel. (Doc. 26). The Court directed Defendant Aureus

2

to show cause or otherwise comply with the initial Order on or before December 2, 2024. (*Id.*). The Court again notified Defendant Aureus that failure to comply "may result in adverse rulings including . . . default and the entry of a default judgment" against Defendant Aureus. (*Id.*).

To date—over two months since the initial Order—Defendant Aureus has yet to comply and obtain counsel. Instead, Defendant Aureus has continued to appear *pro se* through Defendant Camargo. (*See* Docs. 23, 24, 27, 29). Notably, Defendants filed an "Order to Show Cause" on December 2, 2024. (Doc. 29 (the "**Filing**")). Although the Filing is unclear, it appears to the Court that Defendants submitted this filing as an attempt to supplement their initial answers to the Complaint. (*See id.*).[2] Accordingly, Plaintiff filed the instant Motion to Strike and, in the Alternative, Response in Opposition to Defendants' "Order to Show Cause." (Doc. 31).

## II.  DISCUSSION

In the Motion, Plaintiff requests that the Court strike, or otherwise deny, Defendants' Filing. First, Plaintiff highlights that Defendant Aureus has failed to obtain counsel, as required by Local Rule 2.02(b)(2). (Doc. 31, p. 6). Next, Plaintiff argues that to the extent Defendants seek relief from the Court, such relief should be denied due to Defendants' failure to comply with the Federal Rules of Civil Procedure. (*Id.* at pp. 7–12).

---

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

The Court first addresses Defendant Aureus's failure to comply with the initial Order. As detailed above, the Court has allowed Defendant Aureus several opportunities to comply with the initial Order and obtain counsel as an entity. *See supra* Section I. Defendant Aureus has failed to obtain counsel, and consequently, Defendant Aureus has yet to properly appear before this Court. Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (citations omitted)); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (applying the prior version of Local Rule 2.02(b)(2) to a limited liability company). Thus, because Defendant Aureus has failed to properly appear in this action, Plaintiff may proceed with seeking a default judgment against Defendant Aureus, in accordance with all applicable rules and law.

Next, the Court addresses Defendants' Filing. (Doc. 29). To the extent Defendants seek relief from the Court, Defendants must do so in the form of a motion. *See* Local Rule 3.01(a). Here, the Filing is deficient on several grounds. Specifically, the Filing fails to comply with Local Rule 3.01(a) as it does not include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."[3] Additionally, the

---

[3] A legal memorandum is defined as "a paper—including a legal brief—that cites legal authority or otherwise advances a statement of law to support a request for relief." *See* Local Rule

4

Filing fails to comply with the duty to confer in good faith under Local Rule 3.01(g). Considering Defendants' failure to comply with the Local Rules, the Filing is hereby stricken.[4]

Even if the Court were to construe this Filing as a proper motion, the Court is unable to decipher what relief Defendants are requesting. Ultimately, while *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike and, in the Alternative, Response in Opposition to Defendants' "Order to Show Cause" (Doc. 31) is **GRANTED**. The Clerk of Court is **DIRECTED** to strike Defendants' filing, entitled "Order to Show Cause" (Doc. 29).

**DONE AND ORDERED** in Orlando, Florida on December 20, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

1.01(d)(10).

[4]   This Court's Local Rules may be accessed at https://www.flmd.uscourts.gov/local-rules.